UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONIA FLEMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:08-cv-2108-G |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on November 26, 2008. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History:  On November 9, 2005, plaintiff Sonia Flemons ("Plaintiff" or "Flemons") filed an application for disability insurance benefits claiming disability due to bi-lateral carpel tunnel, depression, anxiety, back and neck pain, a spot on her lung, allergies and asthma, bilateral cubital tunnel, bilateral radial tunnel, twisted pelvic and toe reconstruction, nerve damage, arthritis in left knee, migraines, HBP-hypertension, heart murmur, and heart palpitations.  (Administrative Record (hereinafter "Tr.") at 64-66, 74).  She alleged a disability onset date of January 11, 1999.  (Tr. 13).  Flemons last met the insured status requirements of the Social Security Act on December 31, 2002, but not thereafter.  (Tr. 15).  Therefore, the period at issue in this case is a closed period from January 11, 1999 through December 31, 2002.

Her claim was denied by the state agency initially and on reconsideration, after which she

requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on February 8, 2008, at which Plaintiff appeared without counsel and testified on her own behalf. (Tr. 669-698). The ALJ also received the testimony of vocational expert ("VE") Susan Brooks. On March 27, 2008, the ALJ denied Plaintiff's request for benefits, finding that her medically determinable impairments would prevent her from performing her past relevant work, but would not prevent her from performing other work existing in significant numbers in the national economy, such as that of a "counter clerk", "children attendant", or "school bus monitor". (Tr. 21).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council, including five additional exhibits for consideration. (Tr. 8-9, 648-667). The Appeals Council added the additional exhibits to the administrative record. (Tr. 7). On July 22, 2008, the Appeals Council denied her request. (Tr. 4-12). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on November 26, 2008. Defendant filed an answer on February 2, 2009. On April 17, 2009, Plaintiff filed her brief, followed by Defendant's brief on June 12, 2009.

Standard of Review - Social Security Claims: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial

2

evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment.  *Villa*, 895 F. 2d at 1022 (citations omitted).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

        <u>Discussion</u>:     To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505.  Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

        An ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled.  Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform.  *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).  This burden may be satisfied by expert vocational testimony or other similar evidence.  *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).  "A finding that a claimant is disabled or not disabled at any point in the five-

step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ proceeded to Step 5. Her decision states that Flemons was 35 years old on the date last insured, with at least a high school education and the ability to communicate in English. (Tr. 20). She found that Plaintiff had a severe combination of impairments including impairments of her upper extremities, obesity, hypertension, and depression; however the combination of impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. Subpart P, Appendix 1. (Tr. 16). She found Flemons retained the mental residual functional capacity (RFC) to perform simple, repetitive tasks, and retained the physical RFC to maintain light work limited to occasional reaching, handling, and fingering, with the ability to lift twenty pounds occasionally and ten pounds frequently, and no significant limitations in her ability to sit, stand, or walk at work. (Tr. 17). Based on the testimony of the VE, the ALJ found that Plaintiff would be unable to return to her past relevant work as a customer service person, billing clerk, or general office clerk; however, considering her RFC, she could perform certain light unskilled occupations including "counter clerk", "children attendant", and "school bus monitor". (Tr. 20-21). The ALJ therefore concluded that Flemons was not under a disability and denied her claim for benefits. (Tr. 21).

Plaintiff alleges two errors by the ALJ. First she argues the ALJ erred by failing to consider retrospective diagnoses of Post-Traumatic Stress Disorder ("PTSD") in making her disability determination. Second she argues that the ALJ failed to properly evaluate the medical opinions of Dr. Paul R. Ellis, III, M.D. For the reasons discussed below, the court finds that the ALJ's decision and findings are supported by substantial evidence in the record and the correct

4

legal standards were applied.

Flemons first argues that the ALJ erred by failing to consider retrospective diagnoses of PTSD in making her disability determination. She argues the ALJ failed to fully consider the severity of her mental impairments before the date last insured, failed to consider corroborating evidence, and failed to illicit additional corroborating evidence. The Commissioner asserts that Flemons has not identified any retrospective diagnoses in the medical evidence of record, she merely offers examples from medical records that post-date the expiration of her insured status as evidence that her mental impairments likely existed prior to her date last insured. (Def. Br. 5-6).

"Retrospective medical diagnoses constitute relevant evidence of pre-expiration disability, and properly corroborated retrospective medical diagnoses can be used to establish disability onset dates." *Likes v. Callahan*, 112 F.3d 189, 191 (5th Cir. 1997). Lay evidence relating back to the claimed period of disability can support a finding of past impairment. *Id*. Flemons asserts that she was diagnosed with PTSD in December 2005, and that the Social Security Administration subsequently found her affective and mood disorders, including PTSD, to be a severe impairment, directing the court to a Mental RFC Assessment and Psychiatric Review Technique completed by Dr. Susan Thompson, M.D. on April 27, 2006. (Tr. 22, 120-136). However, as Defendant points out, Flemons has not identified any retrospective diagnoses or lay evidence in the record to suggest her PTSD was disabling during the period of January 11, 1999 through December 31, 2002.

Plaintiff testified that she gave birth to two children during the period at issue; the first on May 24, 1999 and the second on June 1, 2001. (Tr. 673). The ALJ stated in her decision that

there are no mental status examinations to show depression or other mental impairments severe enough to keep Flemons from working during the relevant time period. (Tr. 19). She found that during the relevant period Flemons received very little treatment for depression and was resistant to suggestions by her doctors to seek treatment for depression. (Tr. 19). Upon examination of the medical evidence in the record, the ALJ determined there was "no opinion from [a] treating or examining physician indicating that the claimant was disabled, prior to the date last insured". *Id*. When she appealed to the Appeals Council, Flemons submitted additional evidence; however this evidence deals mostly with her physical impairments, and there is no indication of a retrospective diagnosis or lay evidence of PTSD during the period at issue. (Tr. 648-667).

The burden of proof is initially on the claimant to prove that she is unable to work. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). Flemons has not presented any evidence to support her argument that the ALJ failed to consider retrospective medical diagnoses. *See McLendon v. Barnhart*, 184 Fed. Appx. 430, 432 (5th Cir. 2006) (Upholding an ALJ's decision denying a claim for disability insurance benefits where there was "a complete dearth of any medical evidence" prior to the expiration of insured status, "coupled with a lack of any express retrospective medical opinion relating back to the insured period.") Additionally, in *McLendon* there was corroborating lay evidence, while Flemons has provided neither medical evidence nor corroborating lay evidence. Therefore, the court finds the ALJ applied the correct legal standards and her decision is supported by substantial evidence.

Flemons also argues that the ALJ failed to evaluate the medical opinion of Dr. Paul R. Ellis, III, M.D., in considering whether Flemons met a listed impairment and in determining her residual functional capacity. Flemons cites from the treatment records of two visits to Dr. Ellis,

in March 1999 and July 2000, for the proposition that she could only do work that was minimally demanding on her upper extremities.[1] The record contains a significant number of treatment notes from Dr. Ellis, ranging from 1999 through 2005. (Tr. 189-259). The ALJ devotes nearly a page of her decision to discussing Plaintiff's treatment history with Dr. Ellis. (Tr. 18-19). As the Commissioner points out, during the period in question, Dr. Ellis also stated Flemons could be working some form of light duty.[2]

The ALJ factored in Plaintiff's upper extremity limitations in arriving at an RFC limited to light work with "occasional" reaching, handling, and fingering. (Tr. 17). She posed a hypothetical including those limitations to the VE, and the VE replied that a person with those limitations would be able to perform the jobs of "counter clerk", "children attendant", or "school bus monitor". (Tr. 694-696). As an additional hypothetical, she asked the VE to assume the person "could not use their arms for handling and reaching", and asked if there were any jobs at the "light" or "sedentary" level that would be available, to which the VE replied the job of school bus monitor would still be available at the light level, and the job of surveillance systems

---

[1] To wit:
March 17, 1999: "I believe if it were possible for her to do some type of work that was minimally demanding of the upper extremities and required essentially no repetitive use thereof then certainly she might be able to tolerate this." (Pl. Br. 10; Tr. 238).

July 7, 2000: "At most she can work some form of light duty in my opinion with no repetitive use of her upper extremities." (Pl. Br. 10; Tr. 224).

[2] To wit:
January 10, 2000: "She could certainly be working some form of light duty if this were available, however, she was fired." (Def. Br. 7; Tr. 228).

January 31, 2000: "She has been released to light duty but has not had a job to which to return." (Def. Br. 7; Tr. 227).

monitor would be available at the sedentary level. (Tr. 696).

The ALJ's decision reflects the opinion of Dr. Ellis, that Flemons is capable of performing light work with some limitations on upper extremity movement. Furthermore, the determination that a claimant is unable to work is a legal conclusion reserved exclusively to the Commissioner; *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); *see also* 20 C.F.R. § 404.1527(e)(1); and "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000); *see also Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994). The ALJ properly exercised her responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into her RFC assessment that were supported by the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Therefore, the ALJ's RFC determination is supported by substantial evidence.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and judgment DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 17th day of August, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that

8

you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.